**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Mathiowetz Construction Company,
a Minnesota Corporation
Plaintiff,

Civil No. 01-548 DWF/AJB

v.

**ORDER ON MOTION FOR EXPEDITED DISCOVERY**

The State of Minnesota, Department of Transportation; its Commissioner, Elwyn Tinklenberg; Southern Minnesota Construction Co., Inc, and International Union of Operating Engineers Local No. 49,

Defendants.

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for expedited discovery [Docket No. 26]. Hearing was held on May 15, 2001, at the U.S. Courthouse, 316 No. Robert St., St. Paul MN 55101. Dean B. Thomson, Esq., appeared on behalf of the plaintiff. Thomas C. Vassaly, Esq., Asst. Atty. Gen., appeared on behalf of defendant State of Minnesota. Robert F. Rode appeared on behalf of defendant Southern Minnesota Construction Co., Inc. Kelly A. Jeanetta appeared on behalf of defendant International Union of Operating Engineers, Local No. 49. Expedited disclosure issues with respect to the State of Minnesota and Southern Minnesota Construction Co. were resolved prior to hearing and are not subject to the order.

Based upon the file and documents contained therein, along with memorandums and arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for expedited discovery is **granted in part and denied in**

FILED MAY 22 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**part** [Docket No. 26].

2. Plaintiff's request for expedited response to Interrogatory No. 6, therein seeking in/and relating to the balance of the fund, is **granted.** Responses shall be provided by May 21, 2001.

3. Plaintiff's request for expedited response to Interrogatory No. 8, therein seeking the list of offers since the fund's inception, is **denied**.

Dated: 5/22/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

No motion for modification for disclosure requirements will be entertained unless it is accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the matter without court action. D. Minn. LR 37; Fed. R. Civ. P. 37(a). In this case, plaintiff failed to file the required certification. Although parties did actually confer and resolved certain issues, it is not clear if the "meet and confer" occurred only after the motion was served. The attempt to resolve discovery disputes must take place precedent to the serving of a motion for discovery. The certification requirement mandates that the movant must detail the efforts to confer and explain why they proved fruitless. Ballou v.

University of Kansas Med. Ctr., 159 F.R.D. 558, 559-60 (D.Kan. 1994). Conclusory statements in an affidavit asserting that the movant fulfilled the good faith meet-and-confer requirement does not satisfy Rule 37(a). Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., 1998 WL 67672, at *2 (S.D.N.Y. 1998).

The good faith meet-and-confer requirement and proper certification of such a meeting addresses a number of the court's concerns in discovery disputes. The requirement promotes efficiency by requiring the court to hear only arguments in which every other mechanism to resolve the dispute has been exhausted. Failure to do this is costly not only to the court, but to the other parties as well. If the meeting between the parties fails to resolve the dispute before filing the motion with the court, the certification of this meeting aids the court in deciding if the moving party suffered prejudice by not receiving the interrogatories in a expedited fashion If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court may, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay the reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(4). If the court finds that there was willful misconduct or bad faith then it may impose severe sanctions such as the preclusion of evidence or the dismissal of an action. Fed. R. Civ. P. 37(b)-(d). These sanctions are not only applicable against defendants for failure to comply with a discovery request, but also against the moving party for failure to satisfy the meet and confer requirement.

The parties herein are hereby put on notice that in the future, adherence to Rule 37 shall be strictly enforced.