**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mathiowetz Construction Company, a Minnesota corporation,

Plaintiff,

vs.

The State of Minnesota, Department of Transportation; Its Commissioner, Elwyn Tinklenberg; Southern Minnesota Construction Co., Inc., and International Union of Operating Engineers Local No. 49,

Defendants.

Civil File No 01-548 DWF/AJB

**CONFIDENTIALITY STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED by and among the undersigned attorneys for the parties hereto as follows:

The parties maintain information that they claim to be confidential due to its commercially sensitive or proprietary nature, or for other reasons. To balance this interest in maintaining the confidentiality of such information with the rights of the parties to obtain relevant information through discovery in accordance with the Federal Rules of Civil Procedure, the parties enter the following Stipulation.

1. Definition of "Confidential" Materials.

a) "Confidential" Materials. The term "Confidential" as used in this Confidentiality Stipulation and Order means documents (including but not limited to, business records and answers to interrogatories) and deposition testimony that any party designates Confidential. Any party may properly designate as Confidential any document or deposition testimony that constitutes or discloses

FILED MAY 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

information that is not readily ascertainable, through proper means, by the public and may include, but is not limited to, sensitive commercial or financial information and other business and personal records not within the public domain. This designation shall be limited to only those documents or testimony which are truly confidential, pursuant to Fed.R.Civ.P. 26(c). All copies, abstracts, excerpts, analysis or other writings that contain, reflect or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential.

b "Confidential – Attorneys' Eyes Only." The term "Confidential – Attorneys' Eyes Only" as used in this Confidentiality Stipulation and Order means documents (including but not limited to, business records and answers to interrogatories) and deposition testimony that any party designates as Confidential – Attorneys' Eyes Only. Any party may properly designate as Confidential – Attorneys' Eyes Only any document or deposition testimony that it might otherwise mark as Confidential under paragraph 1.b. above, but which is particularly sensitive proprietary information that might disclose a trade secret or otherwise impart a competitive advantage to the party receiving the information.

2. Limited Use. Documents and deposition testimony designated Confidential or Confidential – Attorney's Eyes Only pursuant to this Confidentiality Order shall be used only for purposes related to this action. Disclosure of information extracted from documents or deposition testimony designated Confidential is authorized only in accordance with the terms of this Confidentiality Stipulation and Order. Unauthorized disclosure of information extracted from documents or deposition testimony designated Confidential is prohibited. This Stipulation

and Order shall not, however, operate to impose additional obligations upon the party producing information so designated with respect to its treatment of its own information.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential shall be disclosed only to:

a) the partners, associate attorneys, and staff for the law firms representing the parties in this matter; or future designated attorneys who are admitted to practice before the courts, including but not limited to those attorneys admitted to practice before the courts for purposes of this action (hereinafter the "Attorneys");

b) employees of the parties to this action having reasonable need of access to the information to assist the Attorneys in representation of the parties, provided that such employees have first read this Confidentiality Stipulation and Order and have agreed to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

c) independent experts or consultants retained by any of the parties or their counsel for purposes of this litigation, including their secretarial or clerical personnel (hereinafter the "Independent Experts"), provided that such independent experts or consultants have first read this Confidentiality Stipulation and Order and have agreed to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

d) the Court, court personnel, special masters, mediators, other persons appointed by the Court and stenographic and other deposition reports (hereinafter collectively, "the Court");

e) deposition witnesses, provided that such deposition witnesses have first read this Confidentiality Stipulation and Order and have agreed to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

f) commercial copying services employed by the parties for the purpose of making copies of documents and deposition testimony for use in connection with this case.

4. Disclosure Scope/Confidential – Attorneys' Eyes Only Material. Materials marked Confidential – Attorneys' Eyes Only shall be disclosed only to the Attorneys, Independent Experts, and the Court, under the terms and conditions outlined in Paragraphs 3.a), 3.c), and 3.d) above.

5. Notice/Marking. To invoke protection under this Confidentiality Stipulation and Order, the Designating Party shall provide appropriate notice that documents or deposition testimony have been designated Confidential or Confidential – Attorneys' Eyes Only. The Designating Party shall only mark those documents or testimony which are truly confidential, made in good faith and for good cause, as required in Fed.R.Civ.P. 26. Documents and deposition testimony designated Confidential or Confidential – Attorneys' Eyes Only shall be conspicuously marked as such.

It shall be the duty of the party seeking confidentiality to provide such notice of the documents and testimony to be considered as Confidential or Confidential – Attorneys' Eyes Only. No document or deposition testimony shall be deemed protected under this Confidentiality Stipulation and Order unless it has been properly marked. It shall be the duty of the parties to comply with this Confidentiality Stipulation and Order from the time of such notice.

6. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court.

7. Amendment/Modification. This Confidentiality Stipulation and Order may be amended with respect to specific documents or deposition testimony without leave of Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case. This Confidentiality Stipulation and Order shall remain in force and effect indefinitely until modified, superseded or terminated on the record by agreement of the parties hereto or by Order of this Court.

8. Documents Produced for Inspection. All documents shall be presumed to be Confidential at the time of inspection. After this inspection, but within a reasonable time after

the parties have requested copies of certain documents, the party seeking confidentiality shall appropriately designate any Confidential documents and produce requested copies.

9. Depositions. All testimony taken by way of deposition in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Confidentiality Stipulation and Order. Testimony given at any deposition may be designated as Confidential (or Confidential – Attorneys' Eyes Only) by indicating on the record that the testimony is Confidential (or Confidential Attorneys' Eyes Only) and subject to the provisions of this Confidentiality Stipulation and Order. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential (or Confidential – Attorneys' Eyes Only) and sent to the opposing party within twenty (20) days after receipt of the transcript.

10. Burden of Proof. In the event a party contests the designation of any document or deposition testimony as Confidential or Confidential – Attorneys' Eyes Only, the parties agree to consider removing or relaxing the designations. In the event the parties cannot agree, the party seeking confidentiality shall have the burden of proof in any hearing or other proceeding before the Court that any designation is necessary and appropriate.

11. Filing with Court. Written material containing documents or deposition testimony designated Confidential, or copies, abstracts, excerpts, analysis or other writings that contain, reflect or disclose the substance of such documents or deposition testimony, when filed with the Clerk of Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed (1) the title of this action, (2) the phrase "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY STIPULATION AND ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court from being hand delivered to the Court's chambers to ensure that the same is brought promptly to its attention, provided that each page thereof that bears information contained or derived from Confidential documents or deposition testimony shall be marked.

12. Final Determination. Upon final determination of this action (including all appeals), each party shall within thirty (30) days of such determination, either return to the opposing party or destroy (and promptly certify to the other party that this destruction has occurred) all documents and deposition transcripts received from the opposing party and marked Confidential or Confidential – Attorneys' Eyes Only that are in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work product, which may be retained in conformity with this Confidentiality Stipulation and Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby, and respectfully request that the Court execute and file the proposed order attached to this Stipulation.

Dated: May 18, 2001

**FABYANSKE, WESTRA & HART, P.A.**

By: ______________________

Dean B. Thomson (#141045)
Patrick J. Lee-O'Halloran (#269074)
Dyanna L. Street (#250314)
920 Second Avenue South, Suite 1100
Minneapolis, MN 55402
(612) 338-0115
**ATTORNEYS FOR PLAINTIFF MATHIOWETZ TRANSPORTATION SYSTEMS, INC.**

Dated: May 21, 2001

**MIKE HATCH**
**ATTORNEY GENERAL**
**STATE OF MINNESOTA**

By: ______________________

Thomas C. Vasaly (#112501)
Assistant Attorney General
445 Minnesota Street
Suite 1100
St. Paul, MN 55101
(651) 297-1096
**ATTORNEYS FOR DEFENDANTS STATE OF MINNESOTA AND ELWYN TINKLENBERG, COMMISSIONER**

Dated: May 22, 2001

**SEIGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A.**

By: ______________________

Gerald S. Duffy (#24703)
Robert F. Rode (#287866)
1300 Washington Square
100 Washington Avenue South
Minneapolis, MN 55401
(612) 339-7131

**ATTORNEYS FOR DEFENDANT SOUTHERN MINNESOTA CONSTRUCTION, INC.**

Dated: May 21, 2001

**MILLER O'BRIEN**

By: ______________________

Richard A. Miller (#73416)
Kelly A. Jeanetta (#277204)
1208 Plymouth Building
12 South Sixth Street
Minneapolis, MN 55402
(612) 333-5831

**ATTORNEYS FOR DEFENDANT INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 49**

PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO ORDERED.

Dated this 23rd day of May, 2001.

**BY THE COURT:**

______________________
Magistrate Judge of United States District Court

**EXHIBIT A**

STATE OF ____________ )
) ss.
COUNTY OF ___________ )

**AFFIDAVIT**

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Your affiant's full name and current address is: _______________________________

_______________________________________________________________________________.

2. Prior to receiving any documents and information designated by _________________ _______________________________ as confidential in the above-captioned case, I was provided with a copy of this Confidentiality Order, which I have read and fully understand.

3. I agree to be bound by the terms of the Confidentiality Stipulation and Order, and to submit to the jurisdiction of the United States District Court, District of Minnesota, Fourth Division, concerning the enforcement of the Order entered on it.

4. I understand and agree not to discuss, disclose or otherwise reveal the information subject to the Confidentiality Stipulation and Order to anyone, except individuals who also are permitted to view, inspect, examine or discuss the materials protected herein.

5. I received confidential information in my capacity as ___________________________.

6. I received access to this confidential information from:_________________________.

FURTHER AFFIANT SAITH NAUGHT.

Dated:_________________________

_________________________________
Signature of Affiant

Subscribed and sworn to before me
this _____ day of ______________, 2001.

_____________________________
Notary Public

N:\PL\PJL\132408.doc

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.